UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5735 CAS (JCx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | TAMARA BALLESTEROS v. CHARTER COLLEGE, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Marina Fraigun | Lisa Chung |

**Proceedings:**   **DEFENDANT'S MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** (filed 8/09/10)

**PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT (**filed 8/26/10)

## I.   INTRODUCTION & BACKGROUND

On July 8, 2010, plaintiff Tamara Ballesteros ("plaintiff") filed her first amended complaint ("FAC") against defendants Charter College, LLC and Does 1 through 50 ("defendant") in Los Angeles County Superior Court alleging claims for: (1) wrongful termination in violation of public policy (violation of the Higher Education Opportunity Act); (2) wrongful termination in violation of public policy (violation of California Labor Code Section 98.6 and 1102.5(c)); (3) violation of California Labor Code Section 98.6 and 1102.5(c); and (4) intentional infliction of emotional distress.  FAC ¶¶ 8–30.

On August 2, 2010, defendant timely removed the instant action to this Court. Defendant's basis for removal is that this Court has jurisdiction pursuant to 28 U.S.C. § 1441(b) because plaintiff's first claim for relief arises under the Higher Education Opportunity Act.  Defendant's Notice of Removal to Federal Court, at 2.

On August 9, 2010, defendant filed a motion to dismiss portions of the first amended complaint or, in the alternative, for a more definite statement.  On August 26, 2010, plaintiff timely filed a motion to remand the case to state court.  On September 2, 2010, plaintiff filed an opposition to defendant's motion to dismiss portions of the first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5735 CAS (JCx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | TAMARA BALLESTEROS v. CHARTER COLLEGE, LLC, ET AL. | | |

amended complaint or, in the alternative, for a more definite statement. On September 14, 2010, defendant filed a reply in support of its motion to dismiss portions of the first amended complaint or, in the alternative, for a more definite statement, as well as an opposition to plaintiff's motion to remand the case to state court. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.[1]

Plaintiff was employed by defendant at defendant's Lancaster location as an Admissions Representative between April 14, 2008 and November 23, 2009. FAC ¶ A. In her first claim for relief, plaintiff alleges that she was wrongfully terminated for objecting to and not meeting student enrollment quotas as an Admissions Representative in violation of the Higher Education Opportunity Act ("HEA").[2] FAC ¶¶ 10–11. The threshold issue is whether defendant's removal based on plaintiff's first wrongful termination claim is proper because the claim "arises under" federal law.

## II.    LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has

---

[1] Because the Court must find that it has jurisdiction before it can rule on a motion to dismiss, the Court first addresses plaintiff's motion to remand the case to state court.

[2] In order to be considered an "eligible institution" under the HEA, the educational institution must comply with several requirements, including the requirement that "[t]he institution will not provide any commission, bonus, or other incentive payment based directly or indirectly on success in securing enrollments or financial aid to any persons or entities engaged in any student recruiting or admission activities or in making decisions regarding the award of student financial assistance. . . ." 20 U.S.C. § 1094(a)(20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA         JS-6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5735 CAS (JCx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | TAMARA BALLESTEROS v. CHARTER COLLEGE, LLC, ET AL. | | |

the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only if it might have been brought there originally. See 28 U.S.C. § 1441(a). 28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13, 27–28 (1983). Where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if: (1) the federal issues are essential to the claims; (2) there is a substantial federal interest in resolving such issues; and (3) a federal forum may entertain the state-law claims without disturbing the balance of federal and state judicial responsibilities. See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313–15 (2005).

### III.   DISCUSSION

At the outset, the parties contest whether federal issues are essential to plaintiff's wrongful termination claim. The Ninth Circuit has explained that "[w]hen a claim can be supported by alternative and independent theories–one of which is a state law theory and one of which is a federal law theory–federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810 (1988)). Plaintiff argues that the interpretation of federal law is not necessary to determine her wrongful termination in violation of public policy claim because she has pled an alternative theory for her wrongful termination claim based on state law.[3] Pl.'s Mot. at 8. Defendant responds that federal issues are essential because plaintiff's first

---

[3] Plaintiff alleges that she was also wrongfully terminated in violation of public policy because she complained about being deprived of lunch breaks in violation of California law. See FAC ¶¶ 17–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5735 CAS (JCx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | TAMARA BALLESTEROS v. CHARTER COLLEGE, LLC, ET AL. | | |

claim only references the HEA and there are no other alternative or independent state law theories on which plaintiff can base her first claim for relief. Def.'s Opp'n at 2–4. The Court need not resolve this dispute because the Court finds that the federal questions raised in plaintiff's FAC are not substantial, and because the Court's exercise of jurisdiction would not serve congressional purposes or the federal system.

Under California law, to establish a tortious discharge claim, a plaintiff must prove as one element that the plaintiff had a good faith or reasonable belief that the defendant violated an important public policy based on a statutory or constitutional provision. Green v. Ralee Eng'g Co., 19 Cal. 4th 66, 87 (1998). Defendant opposes plaintiff's motion to remand, arguing that there is a substantial federal interest in resolving plaintiff's first claim for wrongful termination in violation of public policy, because it requires the Court to interpret the meaning and purpose of the HEA. Def.'s Opp'n at 5–8. Defendant argues that the only way plaintiff can recover on her first claim is by resolving what conduct 20 U.S.C. § 1094(a)(20) prohibits. Id. at 7.

The Court finds that there is no compelling federal judicial interest in resolving whether plaintiff had a good faith or reasonable belief that she was opposing a practice proscribed by 20 U.S.C. § 1094(a)(20). This action is not brought to enforce the statute at issue, and the meaning of section 1904(a)(20) is not in dispute. Rather, the judicial inquiry in the instant case is only whether plaintiff had a good faith or reasonable belief that defendant's conduct violated the statute. There is "no special need for federal expertise or uniformity in adjudicating these 'garden variety state' actions." Glanton v. Harrah's Entm't, Inc., 297 Fed. Appx. 685, 687 (9th Cir. 2008) (citing Grable, 545 U.S. at 317).

Furthermore, the Court finds that the balance of federal and state judicial responsibilities does not weigh in favor of the Court exercising jurisdiction. Defendant contends that the Court's exercise of jurisdiction in this case will not upset the balance of federal and state judicial responsibilities because there is an important federal interest due to the complexity of the statutory and regulatory scheme at issue. Def.'s Opp'n at 9–10. Defendant argues that if the Court hears this case, it "will not herald a potentially enormous shift of traditionally state cases into federal court," because the HEA affects a unique population of entities and individuals. Id. at 11. Finally, defendant argues that the fact that there is no private right of action in the HEA is not dispositive of whether the Court is permitted to exercise jurisdiction. Id. at 11–12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5735 CAS (JCx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | TAMARA BALLESTEROS v. CHARTER COLLEGE, LLC, ET AL. | | |

  Although defendant is correct that the absence of a private federal right of action in the HEA is not dispositive, it "remains relevant to [the Court's] assessment of the 'sensitive judgments about congressional intent that § 1331 requires.'" Glanton, 297 Fed. Appx. at 687 (quoting Grable, 545 U.S. at 318).  As the Supreme Court held in Merrell Dow Pharmaceuticals Inc. v. Thompson,, it "would . . . flout, or at least undermine, congressional intent to" find jurisdiction where there is no private federal right of action. 478 U.S. 804, 812 (1986).  The HEA provides no private right of action.  20 U.S.C. § 1082(a)(2); see Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) ("There is no express right of action under the HEA except for suits brought by or against the Secretary of Education.").  The HEA provides an administrative mechanism by which educational institutions are determined eligible for funding under the HEA and held accountable for satisfying the eligibility requirements.  See id. at 1485 (describing the comprehensive administrative scheme established by the HEA, vesting the Secretary of Education with "wide-ranging authority to enforce the provisions of the Act.").  The statute at issue in this case merely delineates the conditions an educational institution must satisfy to receive federal funding.  Indeed, there is no evidence that Congress intended for HEA-based actions to be litigated by private actors in federal court.  Thus, the Court finds that jurisdiction in this case would undermine "Congress's intended division of labor between state and federal courts."  Grable, 545 U.S. at 319.

  Because plaintiff could not bring a claim against defendant in federal court under the HEA, and because the Court is not convinced that there is an important federal judicial interest in construing the HEA in wrongful discharge cases, the Court concludes that this "is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." Merrell, 478 U.S. at 814.  Accordingly, the Court GRANTS plaintiff's motion to remand the case to state court.

**IV. CONCLUSION**

  In accordance with the foregoing, the Court hereby GRANTS plaintiff's motion to remand the case to state court.  Because the Court grants plaintiff's motion to remand, the Court DENIES defendant's motion to dismiss portions of the first amended complaint or, in the alternative, for a more definite statement as moot.

  IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5735 CAS (JCx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | TAMARA BALLESTEROS v. CHARTER COLLEGE, LLC, ET AL. | | |

|  | 00 : 07 |
|---|---|
| Initials of Preparer | CMJ |